UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAPA BEAR FINANCIAL, LLC,<br>**Plaintiff**<br><br>versus<br><br>HARDSHIP PROPERTIES, LLC<br>and GILBERTO ARGUELLES<br>**Defendant** | CIVIL ACTION NO. 23-1062<br><br>JUDGE GREG GERARD GUIDRY<br><br>MAGISTRATE JUDGE<br>  KAREN WELLS ROBY |

### ORDER AND REASONS

The Court has before it Plaintiff Papa Bear Financial, LLC's ("Papa Bear") Motion for Summary Judgment in this action. R. Doc. 22. Defendants Hardship Properties, LLC ("Hardship") and Gilberto Arguelles (collectively, "Defendants") have failed to file any opposition to Plaintiff's motion. Having considered Plaintiff's motion and finding it both meritorious and unopposed, the Court will GRANT summary judgment in favor of Papa Bear.

**I.      BACKGROUND**

This case arises from two loans made by Papa Bear to Hardship in 2020 to fund real estate projects in Louisiana. *See* R. Docs. 22-3; 22-6. These loans were guaranteed by promissory notes signed by Arguelles, Hardship's owner (the "Notes"). *Id.* The maturity date on these loans were extended by several extension agreements, which added additional costs and interest due to Papa Bear. *See* R. Docs. 22-4; 22-5; 22-7. The Notes also provide that Hardship will be responsible for any costs Papa Bear may incur in enforcing them. *See* R. Docs. 22-3; 22-6. As yet, Hardship has made one payment of $25,000 on these Notes. R. Doc. 22-2 at 3. On May 24, 2021, after the final

maturity dates of these loans had passed, Papa Bear sent a final demand for payment to Defendants. *See* R. Doc. 23-8. On March 27, 2023, having received no additional payments from Defendants as a result of that final demand, Papa Bear filed this suit seeking repayment under the Notes. R. Doc. 1. Papa Bear now moves for summary judgment in its favor, asserting that no genuine issue of material fact exists as to whether Defendants are liable to it under the terms of the Notes. R. Doc. 23-1 at 6–10.

## II. APPLICABLE LAW

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the non-moving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (citation and internal quotations removed). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to

judgment as a matter of law. *Lee v. Nacher Corporation*, 362 F. Supp. 3d 359, 363 (E.D. La. 2019) (citing *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993)).

### III. DISCUSSION AND ANALYSIS

The elements that a plaintiff must prove to prevail in an action for breach of a promissory note and guaranty are: 1) that the note and guaranty existed; 2) that the defendants signed the note and guaranty; 3) that the plaintiff legally owned and held the note and guaranty; 4) that default occurred; and 5) that a certain balance remains due and payable on the note. *See, e.g.*, *F.D.I.C. v. Foxwood Management Co.*, 15 F.3d 180, *6 (5th Cir. 1994). Here, Papa Bear has produced copies of the Notes, and their extensions, bearing Defendants' and Papa Bear's signatures, and indicating the due dates and amounts due under those Notes, including provisions regarding additional costs due for extensions, interest, and enforcement. *See* R. Docs. 23-3; 23-4; 23-5; 23-6; 23-7. Thus, Papa Bear has carried its burden to show the absence of a genuine issue of fact material to any of those necessary elements. Having failed to respond to Papa Bear's motion, Defendants have failed to establish the existence of any issue of fact that warrants trial. Accordingly, Papa Bear is entitled to summary judgment in its favor as a matter of law.

### IV. CONCLUSION

For the foregoing reasons, Papa Bear's Motion for Summary Judgment, R. Doc. 22, is **GRANTED**, and judgment on all claims arising in this action is hereby entered in favor of Papa Bear.

New Orleans, Louisiana, this 1st day of November, 2023.

Greg Gerard Guidry
United States District Judge

3